**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:14 CR 341** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Kenneth Flowers,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant's Motion for Relief Under 28 U.S.C. § 2255 (Doc. 226). For the following reasons, the motion is DENIED.

### Facts

Defendant was found guilty by a jury of conspiracy to possess with intent to distribute cocaine and using or carrying a firearm during and in relation to a drug conspiracy all in connection to a "stash house sting." He was sentenced to a total term of imprisonment of 180 months. Defendant appealed his conviction and sentence. The United States Court of Appeals for the Sixth Circuit affirmed. The United States Supreme Court denied a petition for writ of certiorari.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

**Discussion**

Defendant, through appointed counsel, sets forth one claim for relief: Defendant's conviction under § 924(c)(1)(A)(i) is void after *United States v. Davis,* 139 S.Ct. 2319 (2019), because the conspiracy predicate used to support his conviction is not a valid drug trafficking crime.

§ 924(c) authorizes heightened criminal penalties for using, carrying, or possessing a firearm in connection with any federal crime of violence *or* drug trafficking crime. As stated above, defendant was found guilty of carrying a firearm during and in relation to a drug conspiracy. In *Davis*, the United States Supreme Court held that § 924(c)(3)(B)'s residual clause defining a "crime of violence" is unconstitutionally vague. Recognizing that § 924(c)(3)(B) requires "exactly the same categorical approach that this Court found problematic in the residual

2

clauses of the ACCA and § 16," the *Davis* court concluded that it is likewise unconstitutional. Although *Davis* addressed the definition of "crime of violence," defendant maintains that this Court must apply the reasoning of *Davis* and use a categorical approach in evaluating the definition of "drug trafficking crime" under § 924(c)(2) and, in so doing, vacate the conviction.

§ 924(c)(2) states, "For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)..." Defendant was convicted of conspiracy to drug trafficking in violation of 21 U.S.C. § 846 which states, "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Defendant points out that in order to establish a drug conspiracy, "the government must prove beyond a reasonable doubt: (1) an agreement to violate drug laws; (2) knowledge of and intent to join the conspiracy; and (3) participation in the conspiracy." *United States v. Price,* 761 Fed.Appx. 568 (6th Cir. 2019) (citations omitted). In applying the categorical approach to determine whether conspiracy to drug trafficking is a "drug trafficking offense" under § 924(c), defendant maintains, the court must consider the "least of the acts criminalized" under the statute and the generic form of the offense. *Moncrieffe v. Holder,* 569 U.S. 184 (2013). Defendant concludes that drug trafficking conspiracy under § 846 is more broad than the generic form of drug trafficking because the cases establish that generic conspiracy requires an overt act while § 846 conspiracy does not. Accordingly, defendant argues, drug trafficking conspiracy cannot qualify as a "drug trafficking crime" under § 924(c), a qualifying predicate crime, and his conviction under that statute must be vacated.

3

The government argues[1] that defendant's argument fails because while *Davis* held that applying the categorical approach to a crimes of violence definition using the residual clause under § 924(c)(3)(B) was unconstitutional, it did not mandate that any other sections of 924(c) also require the same categorical approach, such as drug trafficking offenses. Rather, *Davis*, like *Johnson* and *Dimaya*, took issue with the categorical approach to the residual clause in the context of a crime of violence. Because defendant was convicted of a drug conspiracy under 21 U.S.C. §846 which is a "drug trafficking crime" as defined by § 924, his § 924(c) conviction was not affected by *Davis*. For the following reasons, the Court agrees with the government.

In holding that § 924(c)(3)(B)'s residual clause is unconstitutionally vague, the Supreme Court in *Davis* recognized that the clause requires "exactly the same categorical approach that this Court found problematic in the residual clauses of the ACCA and [18 U.S.C.] § 16." But, *Davis* addressed the residual clause defining a "crime of violence," *Johnson v. United States,* 135 S.Ct. 2551 (2015), addressed the ACCA's residual clause defining a "violent felony," and *Sessions v. Dimaya,* 138 S.Ct. 1204 (2018), addressed § 16's residual clause defining "crime of violence." Thus, at issue in these cases were the residual clauses in the context of crimes of violence and none addressed a drug trafficking offense.

Other courts have concluded that "drug trafficking crimes do not raise residual clause issues and remain valid § 924 predicates after *Davis*." *Carver v. United States*, 2019 WL 4891046 (M.D.Ga. Aug. 14, 2019) (citing *In re Cannon,* 2019 WL 3334766 (11th Cir. 2019) and *In re Navarro*, 931 F.3d. 1298 (11th Cir. 2019) (Defendant could not make the required showing

---

[1] Defendant did not respond to the government's argument because while defendant sought, and was granted, two extensions to file a reply brief, he did not do so.

4

to file a second or successive § 2255 petition because his "§ 924(c) conviction is fully supported by his drug-trafficking crimes, and it therefore is outside the scope of *Davis*, which invalidated only § 924(c)(3)(B)'s residual clause relating to crimes of violence.")).

§ 924(c)(1) authorizes the heightened penalty for carrying a firearm in relation to a drug trafficking crime. § 924(c)(2) defines " 'drug trafficking crime' [as] any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et. seq.)..." A violation of 21 U.S.C. § 846, set forth above, includes conspiracies to commit drug trafficking crimes. *See also Baugh v. United States,* 2020 WL 409728 (M.D.Tenn. Jan. 24, 2020) ("[A] conspiracy to possess cocaine with intent to distribute still qualifies as a drug-trafficking crime, which is defined by the statute to include 'any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.).' 18 U.S.C. § 924(c)(2)... Section 846 expressly criminalizes attempts and conspiracies to possess controlled substances. See 21 U.S.C. § 846.")

For these reasons, defendant's § 846 conspiracy conviction meets the definition of "drug trafficking crime" and his § 924(c) penalty was not affected by *Davis.*

**Conclusion**

For the foregoing reasons, defendant's Motion for Relief Under 28 U.S.C. § 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 2/6/20